IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAGAR NIHAL SINGH,

     *Petitioner*,

  v.

KRISTI NOEM, *et al*,

     *Respondents*.

Civil Action No. 3:26-cv-203

Hon. William S. Stickman IV

## ORDER OF COURT

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus.  (ECF No. 1).  Petitioner, a citizen of India who is detained at the Moshannon Valley Processing Center, received two individualized bond hearings.  On January 30, 2026, although the immigration judge ("IJ") denied bond based on lack of jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), he also denied bond because Petitioner failed to establish that he was not a flight risk or that any amount of bond would mitigate his flight risk.  (ECF No. 9-1). Petitioner requested a custody redetermination, and on March 3, 2026, the IJ again denied bond. (ECF No. 9-2).  Petitioner relied on the ongoing litigation in *Maldonado Bautista et al. v. Santacruz Jr. et al.*, No. 5:25-cv-01873-SSSBFM (C.D. Cal. 2025), to support his argument as to a material change in his circumstances.  The IJ rejected this as a material change because, even if *Hurtado* did not apply and the IJ had jurisdiction, the IJ already found Petitioner to be a flight risk.  The IJ held that Petitioner failed to establish any factors that would constitute a material change in circumstances as to being a flight risk.  (*Id*.).  Now, Petitioner wants the Court to

1

overrule the IJ's bond decision and order his release, or, alternatively, grant him a new bond hearing.[1]  The Court will deny the petition for the following reasons.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  The IJ's determination that Petitioner presents a flight risk is a basis for the legality of his custody.  The Court has no jurisdiction to second guess or reconsider the IJ's decision.  *See* 8 U.S.C. § 1226(e) ("[n]o court may set aside any action or decision ... regarding ... the denial of bond ….").  While Petitioner argues that the IJ failed to consider certain evidence favorable to him (ECF No. 1, p. 25; ECF No. 9, pp. 8-10), adjudicating these arguments would require the Court to assess the underlying discretionary bond determination itself.  There is nothing before the Court that would lead to the conclusion that the two bond hearings Petitioner received were constitutionally or statutorily deficient.  The Court does not have jurisdiction to review the underlying discretionary decision by the IJ to deny Petitioner bond.

AND NOW, this 23rd day of March 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus Pursuant (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] The Court joins the overwhelming majority of district courts in holding that 8 U.S.C. § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country.  The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).  Petitioner's detention is governed by § 1226(a), and he has a statutory right to a bond hearing.